## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KELSEY LEMEN,** | | |
| | **Plaintiff,** | **Case No. 26-1039-DDC-GEB** |
| **v.** | | |
| **ANDREW A. WOELLNER,** | | |
| | **Defendant.** | |

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Kelsey Lemen retained defendant Andrew A. Woellner to represent her in a state-court lawsuit. The parties signed a contingency-fee agreement, which included a provision specifying that defendant would front litigation expenses. Plaintiff then hired her husband to perform "proprietary forensic analyses" for her state-court action and tried to pass off nearly $83,000 in costs for that work to defendant. After defendant refused, plaintiff brought this suit, alleging a series of contract and contract-related claims.

Before the court is defendant's Motion to Dismiss (Doc. 10), which argues that the court should dismiss plaintiff's Petition (Doc. 1-1) for insufficient service under Fed. R. Civ. P. 12(b)(5). The court agrees with the premise of defendant's argument—plaintiff's attempted service doesn't comply with governing law. But the court declines to dismiss the case based on that shortcoming. Instead, in line with Circuit preference, the court quashes service and directs

---

[1]    Plaintiff proceeds pro se. The court construes her filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

plaintiff to serve defendant properly by May 18, 2026.  The court also denies plaintiff's Motion for Preliminary Injunction (Doc. 21) based on plaintiff's failure to serve defendant properly.  The court explains these results, below, starting with a brief background.

## I.        Procedural Background

Plaintiff filed this lawsuit in Kansas state court.  Doc. 1-1 at 1 (Pet.).  Defendant then removed the case to this federal court, asserting that the court may exercise diversity jurisdiction over this case because plaintiff is a citizen of Kansas while defendant is a citizen of Texas.  Doc. 1 at 2.  Defendant's pending Motion to Dismiss challenges whether plaintiff served him effectively.  Doc. 10.  So the court briefly recounts plaintiff's service attempts, relying on "affidavits and other documentary evidence submitted by the parties[.]"  *Kelley v. City of Atchison*, No. 21-CV-02123-JAR-TJJ, 2021 WL 5140320, at *1 (D. Kan. Nov. 4, 2021) (quotation cleaned up).

Plaintiff tried to serve defendant by mail.  *See* Doc. 1-2 at 97.  She sent certified mail addressed to defendant at 1717 W 34th, Suite 600-186, Houston, TX 77018.  *Id.*  But this address isn't defendant's residence.  Doc. 10-1 at 1 (Woellner Decl. ¶ 6).  It's a UPS mailbox that defendant uses for his law firm.  *Id.* (Woellner Decl. ¶ 5).  Defendant also attested that the person who accepted the certified mail isn't his agent, and lacks authority to accept service on his behalf.  *Id.* at 2 (Woellner Decl. ¶¶ 8–10).  Apparently recognizing that her service effort didn't comply with Kansas law, plaintiff filed a motion in Kansas state court, asking for leave to serve defendant by email.  Doc. 1-2 at 98–99.  The state court denied that motion.  *Id.* at 100.

## II.        Motion to Dismiss for Insufficient Service

### A.        Legal Standard

A Rule 12(b)(5) motion to dismiss based on insufficient service of process "challenges the mode or lack of delivery of a summons and complaint."  *Oltremari ex rel. McDaniel v. Kan.*

*Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (quotation cleaned up). When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the plaintiff bears the burden to make a prima facie showing that she served process properly. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Without proper service, the court lacks personal jurisdiction over a defendant. *See id.*

### B.    Analysis

"Up until the time of removal, Kansas law governed the time and manner for service of process." *Jackson v. Spirit Aerosystems, Inc.*, No. 21-1210-JWB, 2022 WL 43344, at *1 (D. Kan. Jan. 5, 2022). "After removal, federal rather than state law governs the course of the later proceedings." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Plaintiff's attempt at service took place before removal, so the court consults Kansas law to determine whether that service was effective.

Kansas law gives parties two options for serving an out-of-state party: *One*, a process server authorized in Kansas or in the state where service occurs can serve the party. Kan. Stat. Ann. § 60-308(a)(2)(A); *In re Marriage of Welliver*, 869 P.2d 653, 658–59 (Kan. 1994). No authorized server served process on defendant. So, this option is out. *Two*, the party or the party's attorney can serve process as set out in Kan. Stat. Ann. § 60-303(c). Kan. Stat. Ann. § 60-308(a)(2)(B). "That provision authorizes the use of return receipt delivery 'effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed.'" *Centrinex, LLC v. Darkstar Grp., LTC*, No. 12-2300-EFM, 2022 WL 16833759, at *3 (D. Kan. Nov. 9, 2022) (quoting Kan. Stat. Ann. § 60-303(c)). Kansas law specifies that "service by return receipt delivery 'must be addressed to an individual at the individual's dwelling or usual place of abode and to an

authorized agent at the agent's usual or designated address.'" *Id.* (quoting Kan. Stat. Ann. § 60-304(a)). Relevant here, Kansas law permits service on an individual's business address, but only if "the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual[.]" Kan. Stat. Ann. § 60-304(a).

Here, plaintiff mailed the summons to defendant's law firm's business address—a UPS mailbox. Doc. 1-2 at 97; Doc. 10-1 at 1 (Woellner Decl. ¶ 5). But plaintiff never satisfied the statutory prerequisite for serving an individual by return-receipt delivery addressed to an individual's business address. That is, no one—not plaintiff, not plaintiff's attorney, nor the sheriff—has filed "a return of service stating that the return receipt delivery" to defendant at defendant's dwelling "was refused or unclaimed and that a business address is known for" defendant. Kan Stat. Ann. § 60-304(a); *see also Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1231 (D. Kan. 2016) ("Kansas law permits service on an individual at a business address only after a plaintiff has taken specific steps to demonstrate that business address service is necessary."). This omission is fatal for plaintiff's theory of service here. Our court consistently has held that mailing service to an individual's business address—without first fulfilling the statutory prerequisites for doing so—doesn't constitute substantial compliance with Kansas service law. *E.g.*, *Wanjiku*, 173 F. Supp. 3d at 1231; *Davis v. U.S. Dep't of Just.*, No. 23-CV-1010-JAR-KGG, 2023 WL 6312794, at *10 (D. Kan. Sept. 28, 2023).

Undeterred, plaintiff asserts that she's satisfied Kansas's substantial-compliance standard because defendant had actual notice of this lawsuit. Doc. 12 at 3–4. Plaintiff is mistaken. Defendant's actual knowledge of the action is insufficient to constitute substantial compliance.

*E.g.*, *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (applying Kansas law and explaining that the "fact that defendant had actual knowledge of the suit . . . does not mean there was substantial compliance" (quotation cleaned up)); *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1095 (D. Kan. 2007). In short, under Kansas law, plaintiff hasn't served defendant properly.

But the court won't dismiss the case—the remedy defendant prefers for plaintiff's service inadequacy. *See* Doc. 10 at 6. "The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Gregory v. United States/U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)). The court thus quashes service and directs plaintiff to re-serve defendant. This result is especially sound because plaintiff's time to serve defendant hasn't expired yet. She has 90 days from the date of removal to perfect service. *See Jackson*, 2022 WL 43344, at *2 (citing *Wallace*, 596 F.3d at 707) (explaining that 28 U.S.C. § 1448 "may grant a plaintiff a new 90-day period *from the date of the removal* to perfect or obtain service" (emphasis in original)). Here, removal occurred on February 17, 2026. Doc. 1. So, plaintiff must serve defendant by May 18, 2026. The court directs her to do so and, if she does so, to file proof of proper service by that date. If plaintiff fails to do so, the court may dismiss this case without prejudice. *See* Fed. R. Civ. P. 4(m).

To summarize, the court agrees with defendant; plaintiff hasn't served him properly. But the court denies defendant's Motion to Dismiss (Doc. 10) because dismissal is inconsistent with Circuit precedent. Plaintiff must file proof of proper service by May 18, 2026.[2]

---

[2] Plaintiff's response brief also asks the court to sanction defendant for filing an improper motion without evidentiary support. Doc. 12 at 4. As the court has explained, the premise of plaintiff's

III.    **Motion for Preliminary Injunction (Doc. 21)**

Plaintiff also has filed a Motion for Preliminary Injunction (Doc. 21).  Her motion asks

the court to order defendant to deposit $82,925.37 into the court's registry.  Doc. 21 at 12.  The

court denies this motion.  Because plaintiff hasn't served defendant properly, the court can't

exercise personal jurisdiction over defendant.  *See Fisher*, 531 F. Supp. 2d at 1260.  And without

personal jurisdiction over defendant, the court can't enter a preliminary injunction against him.

*See, e.g.*, *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 111–12 (1969) (explaining

that courts may not enjoin parties without jurisdiction); *Egbune v. Baum*, No. 23-cv-02830-PAB,

2024 WL 1374905, at *2 (D. Colo. Apr. 1, 2024) ("[T]he Court lacks jurisdiction to enter a

preliminary injunction against a party that has not yet been served.").  The court thus denies

plaintiff's Motion for Preliminary Injunction (Doc. 21).

IV.    **Motion to Expedite (Doc. 22)**

Plaintiff also filed a Motion to Expedite (Doc. 22), which asks the court to give her

Motion for Preliminary Injunction (Doc. 21) expedited consideration.  Plaintiff made this same

request for expedited rulings in her response to defendant's Motion to Dismiss.  Doc. 12 at 4–5.

The court denies these requests.  The court has reached this case and its pending motions in the

ordinary course.  The court has wide discretion to manage its docket, *Clark v. State Farm Mut.

Auto Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009), and the court declines to delegate that

discretion to plaintiff.

---

position—that defendant's motion is frivolous—is wrong-minded.  Defendant's motion has merit.  So the
court won't sanction him for filing it.  Plaintiff would do well to refrain from asking for sanctions just
because she disagrees with defendant's position.

## V.    Motion to Seal

As a final matter, the court addresses plaintiff's Motion to Seal (Doc. 35).  Plaintiff asks the court to seal Doc. 26-2, but the court already has done so.  *See* Doc. 33.  The problem with Doc. 26-2 is, as the court already explained, that it contains redactions.  *Id.*  Plaintiff needed to file a non-redacted version of the document provisionally under seal.  She hasn't done so.  Plaintiff followed the court's other directives by filing a notice of proposed sealed record and a motion to seal, but she skipped the preliminary step of *refiling* the offending document.  The court thus denies plaintiff's Motion to Seal (Doc. 35) Doc. 26-2 as moot—the court already has permanently sealed Doc. 26-2.

The court notes that plaintiff need not re-attempt her sealing efforts for Doc. 26-2.  That exhibit supported plaintiff's Reply (Doc. 26) to her Motion for Preliminary Injunction (Doc. 21).  The court just denied the Motion for Preliminary Injunction (Doc. 21), and nothing in Doc. 26-2 mattered to that outcome.  So, the court doesn't need an unredacted version of Doc. 26-2 for the record in this case.  And, as just stated, the court already has sealed Doc. 26-2 permanently.  Doc. 33.  This sealing kerfuffle is over.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Andrew A. Woellner's Motion to Dismiss (Doc. 10) is denied.

**IT IS FURTHER ORDERED THAT** the court quashes service on defendant.  Plaintiff Kelsey Lemen must serve defendant and file proof of service by May 18, 2026.  Failure to serve defendant and demonstrate proper service of process by that date likely will result in dismissal of this case under Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Preliminary Injunction (Doc. 21) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Expedite (Doc. 22) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Seal (Doc. 35) is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**