## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KELSEY LEMEN,**

      **Plaintiff,**

**v.**

**ANDREW A. WOELLNER,**

      **Defendant.**

**Case No. 26-1039-AJP-GEB**

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Stay (ECF No. 54) and Plaintiff's Motion to Amend/Correct Document (ECF No. 56). Plaintiff and her husband, Donald Lemen retained Defendant to represent them in a bad faith lawsuit against their homeowner's insurer in state court. The Lemens and Defendant entered into a contingency fee agreement which included a provision that Defendant would front reasonable expenses associated with the prosecution of the claim. Mr. Lemen was tasked with conducting a "proprietary forensic" analysis for use in the state court action. Plaintiff then invoiced Defendant nearly $83,000 for that work. After Defendant refused to pay, pro se Plaintiff brought suit in Sedgwick County District Court.  Defendant thereafter removed the action to this Court on the basis of diversity jurisdiction (ECF No. 1), and now  seeks a stay of scheduling and discovery until pending cross-dispositive motions are decided (ECF Nos. 43 and 48). Plaintiff opposes the Motion to Stay. Additionally, Plaintiff seeks

1

to substitute an exhibit filed in support of her Memorandum in Opposition. For the reasons discussed below, the Court **DENIES** Defendant's Motion to Stay **(ECF No. 54)** and **GRANTS** Plaintiff's Motion to Amend/Correct Document **(ECF No. 56)**.

## I.    Procedural Background[1]

Defendant removed Plaintiff's case from Sedgwick County District Court on February 17, 2026,[2] and a week later he  filed an initial Motion to Dismiss[3] on February 24, 2026 alleging improper service of process. Magistrate Judge Angel D. Mitchell, who was referred on the case at the time, entered an Initial Order Regarding Planning and Scheduling setting the case for a Scheduling Conference on April 30, 2026. Defendant filed his initial Motion to Stay Deadlines on March 10, 2026.[4] Shortly thereafter, the case was reassigned to the undersigned Magistrate Judge. Magistrate Judge Mitchell terminated the deadlines and hearings in her Initial Order when the case was reassigned.[5] Where the deadlines Defendant sought to stay had been terminated when the case was reassigned, the undersigned Magistrate Judge found Defendant's Motion to Stay Deadlines as moot and set the case for a Status Conference to discuss the possibility of proceeding with limited discovery.[6] Defendant sought to reschedule the Status Conference from April 22, 2026 to April 28, 2026. Defendant's oral motion was granted and the conference was rescheduled.[7]

---

[1] This background information should not be construed as judicial findings or factual determinations.

[2] Notice of Removal, ECF No. 1.

[3] Motion, ECF No. 10.

[4] Motion, ECF No. 16.

[5] Order Reassigning Case, ECF No. 19.

[6] Order, ECF No. 27.

[7] Order, ECF No. 32.

On April 15, 2026, District Judge Daniel D. Crabtree entered a Memorandum and Order denying Defendant's Motion to Dismiss.[8] However, Judge Crabtree quashed service on Defendant and set a deadline of May 18, 2026 for Plaintiff to serve Defendant and demonstrate proper service of process.[9] Upon review of the District Judge's Memorandum and Order, the undersigned Magistrate Judge cancelled the April 28, 2026 Status Conference. Plaintiff asked the court to issue Summons to Defendant, served Defendant on April 28, 2026, and filed her Summons Returned Executed shortly thereafter.

Defendant filed his Motion to Dismiss or in the Alternative for Summary Judgment on May 14, 2026.[10] Plaintiff filed a response to Defendant's motion and Cross-Motion for Summary Judgment on June 3, 2026.[11] She also has a Motion for Preliminary Injunction pending.[12] The undersigned Magistrate Judge entered an amended Initial Order Regarding Planning and Scheduling setting a Scheduling Conference for August 12, 2026.[13] This case was reassigned from District Judge Daniel D. Crabtree to District Judge Anthony J. Powell on July 7, 2026.[14] After both dispositive motions were ripe, Defendant filed the current Motion to Stay Deadlines on July 16, 2026, seeking to stay all deadlines and the August 12th Scheduling Conference until the District Judge has ruled on the parties cross-dispositive motions.

---

[8] Memorandum and Order, ECF No. 37.
[9] *Id.*
[10] Motion to Dismiss, ECF No. 43.
[11] Response, ECF No. 45 and Cross-Motion for Summary Judgment, duplicate of ECF No. 45 filed for administrative purposes, at ECF No. 48.
[12] ECF No. 41.
[13] ECF No. 50.
[14] Minute Order Reassigning Case, ECF No. 53.

## II.    Discussion

### a.    Motion to Stay

The decision to stay discovery and proceedings is within the sound discretion of the Court.[15] "Stays are disfavored, however, because they 'can delay a timely resolution of the action.'"[16] "Further, 'the right to proceed in court should not be denied except under the most extreme circumstances.'"[17] Considering the above, "the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions."[18] "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally."[19] A stay, however, may be appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4)

---

[15] *Couser v. Somers*, No. 18-1221-JWB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019) (citing *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) and *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

[16] *Theriault v. New Direction IRA, Inc.*, Nos. Case No. 23-2477-JWB and 24-2007-JWB, 2025 WL 2430558, at *2 (D. Kan. Aug. 22, 2025) (quoting *McCoy v. Burris*, No. 18-3077-DDC, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020)).

[17] *Id.* (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[18] *Couser*, 2019 WL 802038, at *3 (citing *Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) and *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR, 2016 WL 3743104, at *1 (D. Kan. July 13, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990)).

[19] *Theriault,* 2025 WL 2430558, at *2 (quoting *Cont'l Ill. Nat. Bank & Tr. Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

4

the dispositive motion raises issues as to a defendant's immunity from suit."[20] The movant has the burden of proving the need for a stay.[21]

Defendant argues the case is likely to be finally concluded via the opposing dispositive motions. The Court is not prepared to consider whether the opposing motions will be granted in full or in part.[22] However, if either motion is granted in full, the case will be concluded. The Court finds this factor is neutral.[23]

Moving to the second factor, Defendant argues discovery would not affect the resolution of the dispositive motions. Both dispositive motions were ripe at the time Defendant filed the current motion. Although Plaintiff objects to staying discovery before she has received Defendant's client file from his representation of she and her husband in the litigation against their homeowner's insurer and certain additional information, she does not argue this information is needed to respond to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment or to move her Cross-Motion for Summary Judgment forward. This factor weighs in favor of a stay.

Next Defendant argues discovery in this case would be wasteful and burdensome based upon the pro se Plaintiff's multiple filings to date. Based on this behavior Defendant assumes Plaintiff's discovery would be burdensome. "That litigation requires time and

---

[20] *Id.* (quoting *Myles v. Walmart, Inc.*, No. 22-4069-DDC, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023)).

[21] *Id.* (citing *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016)).

[22] *Vann v. Fewell*, No. 20-3200-JAR, 2023 WL 2987765, at *3 (D. Kan. Apr. 18, 2023).

[23] *Id.*

resources from the parties does not justify, on its own, a discovery stay."[24] Plaintiff indicates, in addition to Defendant's client file she will also seek the court file and communications, ESI, and other documents in Defendant's possession, custody, or control. Should Plaintiff's efforts at discovery become burdensome in Defendant's view, after conferral with Plaintiff Defendant may seek a discovery conference and potentially a protective order.[25] This factor does not weigh in favor of a stay.

Last, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment does not raise a claim of qualified or other immunity. This factor does not weigh in favor of a stay.

Defendant has not met his burden to show this is an exceptional case warranting a blanket stay of discovery. Plaintiff has the right to proceed with the action absent a strong showing by Defendant.[26] For the reasons discussed above, the Court **DENIES**, Defendant's Motion to Stay.

### b.    Motion to Amend/Correct Document

Plaintiff asks the Court to consider the Exhibit A attached to her Motion to Amend/Correct Document. Due to an inadvertent filing error, the Exhibit A attached to her Response in Opposition to Defendant's Motion to Stay included additional pages that were not intended to be part of the exhibit. The Court **GRANTS** Plaintiff's Motion to Amend/Correct Document and limited its consideration to the Exhibit A consisting only of

---

[24] *Theriault,* 2025 WL 2430558, at *3 (quoting *Green v. Blake*, No. 18-2247-CM, 2020 WL 618602, at *2 (D. Kan. Feb. 10, 2020)).
[25] *Theriault,* 2025 WL 2430558, at *3.
[26] *Id.*

the August 8, 2025 letter from Defendant to American Family Mutual Insurance Company in deciding Defendant's Motion to Stay.

**IT IS THEREFORE ORDERED** Defendant's Motion to Stay (ECF No. 54) is **DENIED** and Plaintiff's Motion to Amend/Correct Document (ECF No. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Conference set for August 12, 2026 at 10:00 a.m. via telephone shall proceed as scheduled.

**IT IS SO ORDERED.**

Dated July 28, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

7