**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KELSEY LEMEN,<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREW A. WOELLNER,<br><br>*Defendant*. | Case No. 26-1039-AJP-GEB |

**MEMORANDUM AND ORDER**

Plaintiff Kelsey Lemen, proceeding pro se, filed suit against Defendant Andrew Woellner asserting claims of breach of contract, promissory estoppel, unjust enrichment, and equitable relief. Before the Court are Defendant's Motion to Dismiss, or in the alternative, a Motion for Summary Judgment (Doc. 43), Plaintiff's Cross Motion for Summary Judgment (Doc. 48), Plaintiff's Motion for a Preliminary Injunction (Doc. 41), and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 67). For the reasons stated below, the Court denies Plaintiff's motions and grants Defendant's motion.

## I. Factual and Procedural Background[1]

Plaintiff hired Defendant to represent her in a state court lawsuit against American Family Mutual Insurance Company. That case, on behalf of Plaintiff and

[1] The facts set forth are those uncontroverted by the parties unless otherwise cited.

her husband Donald Lemen, was filed in the District Court of Sedgwick County, Kansas on November 13, 2025.[2] Defendant is an attorney licensed to practice law in the state of Texas. The parties signed a contingency fee agreement in which Defendant agreed to represent Plaintiff for a contingency fee of 30 percent. In Section IV of that agreement, the parties agreed that Defendant would pay for "any and all reasonable expenses associated with the prosecution" of Plaintiff's claim, but that in the event of recovery, Plaintiff would pay Defendant all reasonable costs, including costs for obtaining expert witnesses, that Defendant incurred. (Doc. 1-2). In the event of no recovery for Plaintiff, Plaintiff would not owe Defendant anything for those expenses.

In the underlying state case, Defendant filed a petition on behalf of Plaintiff and Donald Lemen III that included references to a system developed by Donald Lemen III, husband of Plaintiff and the co-plaintiff in that case. This system is known as LIAR (Line-Item Audit Reporter), though Defendant initially filed a petition referring to it as "Loss Integrity Audit and Reconciliation." On March 12, 2025, Defendant signed an NDA with LIAR labeled as the "Disclosing Party" and Donald Lemen signing as the owner of LIAR. Plaintiff alleges in her cross motion for summary judgment that LIAR is a "stand-alone forensic auditing system, business entity, and platform." (Doc. 48 at 19). Defendant contends that LIAR is not a separate legal entity or business. (Doc. 47 at 2).[3]

---

[2] Sedgwick County District Court Case No 25-cv-2930, *Lemen v. American Family Mutual Insurance Co., S.I.* The Court takes judicial notice of the filings within that case.

[3] The exact legal status of LIAR does not alter the Court's analysis.

After the petition was filed and contained reference to the LIAR system, Plaintiff sent Defendant invoices for use of LIAR in the amount of $82,925.37. Defendant refused to pay those invoices.

On January 6, 2026, Plaintiff filed this suit against Defendant in the District Court of Sedgwick County, Kansas alleging claims for breach of contract, promissory estoppel, unjust enrichment, and equitable relief. On February 17, 2026, Defendant removed this case to this Court on the basis of diversity jurisdiction. There are currently 4 pending motions before the Court.

On April 30, 2026, Plaintiff filed a Motion for Preliminary Injunction, Defendant then filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and Plaintiff filed a Cross-Motion for Summary Judgment.[4] After these motions were fully briefed, Plaintiff filed a Motion for Leave to Amend Complaint.[5]

## II. Analysis

Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment. Plaintiff's response to Defendant's motion included a "Cross Motion for Summary Judgment." After briefing was complete, Plaintiff moved for leave to file an amended complaint. Plaintiff seeks to add two additional claims as well as greater

---

[4] Plaintiff's "Cross Motion for Summary Judgment" is a combined memorandum in opposition to Defendant's Motion to Dismiss and its Cross Motion.

[5] This case was previously assigned to Judge Crabtree but was reassigned to the undersigned in July.

"factual specificity." (Doc. 67 at 1). The Court will first address Plaintiff's Motion for Leave to File an Amended Complaint and then turn to Defendant's Motion to Dismiss.

**A. Plaintiff's Motion for Leave to Amend is Futile and thus Denied.**

*1. Legal Standard*

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. A party may amend its pleadings once as a matter of course if done so subject to the deadlines of Rule 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). The Court is to "freely give leave when justice so requires." *Id.* "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101–02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The grant or denial of an opportunity to amend is within the discretion of the district court. *Foman*, 371 U.S. at 182. The party opposing amendment bears the burden to show why leave should not be granted. *See Rasmussen v. Found. for Affordable Hous.*, No.

24-2081-TC-BGS, 2026 WL 237298, at *6 (D. Kan. Jan. 29, 2026) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

A pro se litigant's pleadings are to be broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted).

*2. Discussion*

Plaintiff moves to amend her complaint. Plaintiff's only proposed amendment to her complaint are two new claims, and thus, it is necessary to determine if those claims would be subject to dismissal. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (noting that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The Court applies the standard governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) to determine whether the proposed amendment is futile. *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citation omitted). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court must accept as true all factual allegations in the complaint, but it need not afford such a presumption to legal conclusions. *Id.* at 678–79. Viewing the complaint in this

manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *See id.* at 678.

a. Plaintiff's first proposed additional claim of breach of fiduciary duty fails to state a claim upon which relief may be granted.

The first new claim Plaintiff seeks to add to is one for breach of fiduciary duty. To state a breach of fiduciary duty claim, Plaintiff must allege facts showing the following elements: "(1) the existence of a duty arising from a fiduciary relationship; (2) a breach of duty; and (3) an injury resulting proximately from the breach." *Stroud v. Ozark Nat'l Life Ins. Co.*, 320 Kan. 180, 564 P.3d 725, 731–32 (2025). A fiduciary relationship generally includes two duties outside of the trustee context: the duty of confidentiality and the duty of loyalty. *See Johnston v. Alberg*, 2014 WL 3732015, at *12 (Kan. Ct. App. July 25, 2014). The duty of loyalty requires that the fiduciary not place his own interests above those of the beneficiary. *See Becker v. Knoll*, 291 Kan. 204, 239 P.3d 830, 834 (2010).

Construing Plaintiff's proposed First Amended Complaint broadly, it appears she alleges that Defendant breached his duty of loyalty to her by placing his interests above her own. Plaintiff alleges that Defendant's refusal to pay LIAR placed his own interests above her own; however, the alleged duty to pay LIAR stems from an alleged contractual duty of Defendant to Plaintiff—not a duty of loyalty. Plaintiff fails to allege how Defendant engaged in self-dealing or profited at her expense by not paying LIAR. Plaintiff provides no legal basis or argument for finding an attorney's refusal to pay an alleged third-party vendor constitutes acting with divided loyalty, especially when no party alleges a valid contract between the

attorney and the third-party vendor. Plaintiff likewise fails to allege any conduct by Defendant that approximates a breach of confidentiality. Thus, Plaintiff's breach of fiduciary duty claim is a repackaging of her breach of contract claim, and she fails to sufficiently allege the necessary elements of a breach of a fiduciary duty claim. Therefore, Plaintiff's proposed addition of a breach of fiduciary duty claim is futile as it would be subject to dismissal.

b. Plaintiff's second proposed claim of "punitive damages" is not a cognizable standalone claim.

Plaintiff's second proposed claim is for "punitive damages." (Doc. 67-1 at 7). Punitive damages is a type of damages and not a separate cause of action. *Green v. Blake*, No. 18-cv-02247-TC-JPO, 2021 WL 1910710, at *6 (D. Kan. May 12, 2012) (citing *Howell Petrol. Corp. v Leben Oil Corp.*, 976 F.2d 614, 622 (10th Cir. 1992); *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991)). Even if Plaintiff is attempting to request punitive damages for each of her other claims, a request for punitive damages would not change any analysis of the alleged factual and legal sufficiency of Plaintiff's other claims. Therefore, Plaintiff's proposed claim for "punitive damages" is futile and would be subject to dismissal.

c. Plaintiff does not include any additional factual allegations that change the Court's reasoning for summary judgment of Plaintiff's claims asserted in Plaintiff's original Complaint.

Plaintiff also attempts to supplement her previous factual allegations in her proposed First Amended Complaint by attaching exhibits to her motion. However, these exhibits do not change anything as Plaintiff fails to allege any additional factual allegations in the proposed First Amended Complaint, other than the

addition of the two new claims. Even when construing Plaintiff's proposed First Amended Complaint broadly, Plaintiff fails to adequately allege a sufficient legal basis for her new claims. In addition, Plaintiff's proposals do not alter the Court's analysis of Plaintiff's other claims. Therefore, Plaintiff's Motion for Leave to File First Amended Complaint is denied.

**B. Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment is Granted.**

Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Plaintiff responded with a "Cross Motion for Summary Judgement." Both parties assert that they are entitled to judgment as a matter of law on each of Plaintiff's claims. Generally, a court must either exclude material outside the pleadings, or treat the motion as one for summary judgment, except for the following materials: "(1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice." *Butler v. Daimler Trucks N. AM., LLC*, 433 F. Supp. 3d 1216, 1239 (D. Kan. 2020). In this case, Plaintiff attached the Contingency Fee Agreement and Non-Disclosure Agreement as exhibits to her Complaint, and they are referred to in the Complaint and central to Plaintiff's claims. Although the Court could technically review those documents in conjunction with Defendant's Motion to Dismiss, the Court finds it more prudent to consider Defendant's motion as one for summary judgment, particularly since Plaintiff responded to it and requested cross-summary judgment on her claims.

Thus, the Court will consider the allegations in the Complaint, as well as the Contingency Fee Agreement and the NDA, when ruling on Defendant's and Plaintiff's motions.

*1. Legal Standard*

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A party is thus entitled to summary judgment if the evidence points only one way and no reasonable inferences could support the non-moving party's position." *Genberg v. Porter*, 882 F.3d 1249, 1253 (10th Cir. 2018) (citing *Auraria Student Hous. at the Regency v. Campus Vill. Apartments*, 843 F.3d 1225, 1247 (10th Cir. 2016)). The court views the evidence and all reasonable inferences drawn therefrom "in the light most favorable to the nonmoving party." *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

Initially, the movant bears the burden to show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth "specific facts showing a genuine issue for trial." *James v. Wadas*, 724 F.3d 1312, 1319 (10th Cir. 2013). These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory opinions, allegations unsupported by specific facts, or speculation alone cannot survive a motion for summary judgment. *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citation omitted).

2. *Plaintiff cannot establish a breach of contract claim.*

a. Texas law applies to the breach of the contingency fee agreement claim.

The parties have a choice of law provision in their contingency fee agreement, so the Court must first determine what law applies. "A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits, including that state's choice-of-law rules." *Textron Aviation, Inc. v. Superior Air Charter, LLC*, 420 F. Supp. 3d 1186, 1191 (D. Kan. 2019) (quotation marks and internal citations omitted). "Federal courts in Kansas routinely enforce the parties' contractual choice-of-law provisions under Kansas choice-of-law rules." *Id.* (internal citations and quotation omitted). In the contingency fee agreement attached to the complaint, the parties agree that the contract be "construed under and in accordance with the laws of the State of Texas." (Doc. 1-2 at 8). Thus, because the parties contractually agreed to the contract being governed by Texas law, the Court will apply Texas law to Plaintiff's breach of contract claim.

b. Plaintiff cannot establish a breach of the contingency fee agreement.

Plaintiff's breach of contract claim against Defendant is based on the contingency fee agreement between the parties. She alleges that Defendant failed to advance reasonable litigation costs in the amount of $82,925.37. A breach of contract claim requires that the Plaintiff allege "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the

contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Texas Lloyds Co. v. Menchaca,* 545 S.W.3d 479, 501 n.21 (Tex. 2018) (citation omitted). "A contingent fee contract for legal services must be in writing and signed by the attorney and client." Tex. Gov't Code Ann. § 82.065(a) (West). The usual rules of contract law are applicable to contingent attorneys' fee contracts, and courts generally will not redraft the terms of a contract. *In re Polybutylene Plumbing Litig.*, 23 S.W.3d 428, 436 (Tex. App. 2000).

The contingency fee agreement states that Defendant agrees, "to pay for any and all reasonable expenses associated with the prosecution of client's claim," and that:

> In the event of a recovery, the Client understands and agrees that Attorneys will be paid all reasonable costs, charges or expenses made or incurred by the Attorneys in the Attorneys' handling of the Client's claim and causes of action, including but not limited to expenses or charges for obtaining medical records, court costs, filing fees, depositions, and expert witnesses. (Doc. 1-2 at 8; Doc. 41-1 at 2).

Plaintiff's breach of contract claim is premised on the contingency fee agreement between her and Defendant, yet, to support this claim, Plaintiff argues that a separate NDA that Defendant signed regarding the LIAR system supports the claimed $82,925.37 in damages. Defendant does not contest that he signed the NDA. (Doc. 41-2). Plaintiff, however, does not demonstrate that Defendant ever entered into an agreement with LIAR for its services. Instead, Plaintiff demonstrates that Defendant entered into an NDA that governed Defendant's "receipt, use, and reliance upon LIAR forensic analyses and related work product." (Doc. 1-1 at 1–2). The NDA attached to Plaintiff's pleadings makes no mention of an

agreement with Defendant to use or rely upon the work product of LIAR. The NDA makes no mention of the services to be provided by LIAR or the price of those services. Plaintiff does not allege or show the existence of any other contract or agreement between Defendant and the third-party vendor LIAR.[6] Plaintiff simply argues that the NDA triggered Section IV of the contingency fee agreement. (Doc. 48 at 11). Thus, Plaintiff's claim for breach of the contingency agreement fails because it is based on a separate NDA in which there was no discussion nor agreement that Defendant would receive any information from LIAR or pay for that information.

In the absence of evidence of an agreement for services between Defendant and LIAR, much less allegations of a valid contract between those parties, Plaintiff fails to show that Defendant has a legal obligation to pay LIAR. Defendant did not agree to incur over $80,000 of self-funded litigation costs by signing an NDA in which he simply agreed to not disclose LIAR's allegedly confidential information. Furthermore, Plaintiff seeks to enforce payment for LIAR services when she does not even allege that she is a party to the NDA, much less demonstrate the same with admissible evidence. Thus, Defendant is entitled to judgment as a matter of law on Plaintiff's breach of contract claim.

---

[6] As stated in footnote three, the exact legal status of LIAR is immaterial to the Court's analysis. The Court will treat LIAR as a separate legal entity in an effort to view the evidence and its inferences in the light most favorable to the Plaintiff as the non-moving party in this section.

3. *Plaintiff cannot establish a claim under promissory estoppel.*

Plaintiff claims she is entitled to specific performance in the form of enforcing Defendant's obligation from Section IV of the contingency fee agreement to require Defendant to pay the LIAR invoices on the theory of promissory estoppel. In Kansas, promissory estoppel requires plaintiff to allege: "(1) [t]he promisor reasonably expected the promisee to act in reliance on the promise, (2) the promisee acted as could reasonably be expected in relying on the promise, and (3) a refusal of the court to enforce the promise would sanction the perpetration of fraud or result in other injustice." *Mohr v. State Bank of Stanley*, 244 Kan. 555, 770 P.2d 466, 481 (1989) (citation omitted). "Promissory estoppel is an alternative theory of recovery to a breach of contract claim. It is an equitable doctrine resorted to for the enforcement of promises that are noncontractual and otherwise unenforceable." *Pizza Mgmt., Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1167 (D. Kan. 1990). Promissory estoppel effectively replaces the bargained for consideration of a formal contract. *See Bouton v. Byers*, 50 Kan. App. 2d 34, 321 P.3d 780, 787 (2014) (citations omitted). Lack of consideration is a prerequisite to a promissory estoppel claim. *Fid. State Bank, Garden City, Kan. v. Bedsworth*, 769 F. Supp. 1196, 1198 (D. Kan. 1991). If the claim for promissory estoppel relies upon promises allegedly expressed in viable agreements, such as a contract, then it is duplicative of a breach of contract claim. *See Pizza Mgmt.*, 737 F. Supp. at 1168.

In this case, the parties entered into a contingency fee agreement in which Defendant would advance all reasonable litigation costs. Plaintiff alleges that she

relied on "Defendant's express expense-advancement obligation under Chapter IV of the contingency agreement." (Doc. 1-1 at 4). No other promise between Plaintiff and Defendant is discussed or alleged in the complaint. No other promise between Plaintiff and Defendant is demonstrated by any evidence presented to the Court. Thus, Plaintiff relies upon a written contractual term as the basis of her promissory estoppel claim, which she cannot do. In addition, Plaintiff fails to allege or demonstrate any actions that she took in reliance on any promise from Defendant. Thus, Plaintiff cannot demonstrate a promissory estoppel claim, and Defendant is entitled to summary judgment on this claim.

*4. Plaintiff cannot establish a claim of unjust enrichment.*

Plaintiff claims that Defendant was unjustly enriched by using LIAR's analysis in the state court complaint filed on behalf of Plaintiff but not advancing the alleged costs of that work. Unjust enrichment in Kansas requires that Plaintiff allege three elements, "(1) a benefit has been conferred upon the defendant, (2) the defendant retains the benefit, and (3) under the circumstances, the defendant's retention of the benefit is unjust." *Estate of Draper v. Bank of Am., N.A.*, 288 Kan. 510, 205 P.3d 698, 706 (2009). In Kansas, a plaintiff cannot recover under unjust enrichment if a contract governs the relationship between the parties. *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1175 (D. Kan. 2017) (citation omitted).

Plaintiff's claim for unjust enrichment also stems from section IV of the written contingency fee agreement in which it provides that Defendant will advance

reasonable litigation costs. Therefore, there is a written contract with undisputed terms between the parties that directly speaks to and controls the parties' relationship. Plaintiff does not allege or show that a separate benefit was conferred upon Defendant, let alone that Defendant retained such a benefit, to support an unjust enrichment claim. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's claim of unjust enrichment.

*5. Plaintiff's claim for "equitable relief" is not a freestanding cause of action.*

Plaintiff's final alleged cause of action is one for "equitable relief." (Doc. 1-1 at 4). Plaintiff's "equitable relief" claim largely repeats her previous allegations and only adds an allegation that she lacks an adequate remedy at law should Defendant not be forced to pay the LIAR expenses. Construing Plaintiff's complaint broadly, this cause of action appears to be an attempt to request a permanent injunction requiring Defendant to deposit the alleged LIAR costs with the Court to ensure payment to LIAR.

An injunction must be supported by a cause of action. *Hunter Health Clinic v. Wichita State Univ.*, 52 Kan. App. 2d 1, 362 P.3d 10, 18 (2015). Traditional equitable relief is not appropriate, absent a cause of action. *See Oklahoma by & through Okla. Dep't of Rehab. Servs. v. United States by & through Shanahan*, No. CIV-18-1197-SLP, 2019 WL 7758681, at *3 (W.D. Okla. Apr. 16, 2019); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (stating that "a party must 'state a claim' to obtain a 'traditional' injunction").

Here, Plaintiff's allegations primarily focus upon Defendant's retention of the benefit of the LIAR analysis, and Plaintiff makes no other colorable mention of a cause of action within this section of her complaint beyond "equitable relief."[7] Therefore, because Plaintiff does not have a plausible cause of action, Defendant demonstrates that he is entitled to judgment as a matter of law on Plaintiff's "equitable relief" claim.

*6. Plaintiff's Cross-Motion for Summary Judgment fails to show that she is entitled to judgment as a matter of law.*

Plaintiff argues that she is entitled to summary judgment on all counts based upon her allegations and the exhibits she has presented. For the reasons set forth in more detail above, Plaintiff does not demonstrate that she is entitled to judgment. Instead, Plaintiff's claims lack merit. Therefore, Plaintiff's Cross-Motion for Summary Judgment is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 41) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Summary Judgment (Doc. 48) is **DENIED**.

---

[7] Plaintiff does not allege that there is any contract for services between LIAR and Defendant, and in any event, the NDA that Defendant signed is not with Plaintiff.

**IT IS SO ORDERED.**

This case is closed.

Dated this 21st day of October, 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE